**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
Law Office of Kelly D. Jones
kellydonovanjones@gmail.com
Direct 503-847-4329

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL LOPEZ** <br> **AMY CANTU** <br> **SUSAN LOPEZ-HENRI** <br><br> Plaintiffs <br><br> vs <br><br> **CURALEAF, INC.** <br><br> Defendant | Case No. 3:21-cv-1465 <br><br> **PRODUCTS LIABILITY** <br><br> 28 U.S.C. § 1332 <br><br> Demand for Jury Trial |

**COMPLAINT** – Page 1 of 11

1.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy requirement is satisfied and the parties are citizens of different states.

2.

Plaintiffs are citizens of the state of Oregon. Mr. Lopez is 79 years old. Ms. Cantu is Mr. Lopez's granddaughter. Ms. Lopez-Henri is Mr. Lopez's daughter.

3.

Defendant is a citizen of the state of Delaware.

4.

Venue is proper in the state of Oregon under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in Oregon and defendant is registered to do business in Oregon with the Oregon Secretary of State Corporate Division and defendant maintains a registered agent in Oregon and defendant regularly supplies, distributes, markets, and sells its Select CBD Drops in Oregon in the course of its business.

**5.**

**FACTUAL ALLEGATIONS**

On or around September 6, 2021 in Aloha, Oregon, Mr. Lopez consumed Select CBD Drops that were designed, produced, manufactured, labeled, supplied, inspected, tested, distributed, marketed, advertised, and sold by defendant.

**6.**

On or around September 8, 2021 in Aloha, Oregon, Ms. Cantu consumed Select CBD Drops that were designed, produced, manufactured, labeled, supplied, inspected, tested, distributed, marketed, advertised, and sold by defendant.

**7.**

On or around September 8, 2021 in Aloha, Oregon, Ms. Lopez-Henri consumed Select CBD Drops that were designed, produced, manufactured, labeled, supplied, inspected, tested, distributed, marketed, advertised, and sold by defendant.

**8.**

Defendant labeled, marketed, advertised and sold the Select CBD Drops consumed by plaintiffs as containing cannabidiol (CBD), which does not produce intoxicating effects.

9.

In reality, the Select CBD Drops consumed by plaintiffs contained tetrahydrocannabinol (THC), a psychoactive compound in cannabis that produces intoxicating effects.

10.

In Oregon, drops containing THC are not permitted to be sold to consumers without a warning label.

11.

THC is not fit for unintentional human consumption, as it can impair a person's ability to drive a motor vehicle and cause unwanted anxiety, panic, and acute psychosis.

12.

## CLAIMS FOR RELIEF

### Claim #1 – Products Liability – Mr. Lopez

As alleged in this complaint, defendant was negligent by creating its tainted Select CBD Drops product which contained THC, which was a foreign object and not permitted to be sold to consumers without a warning label and not fit for unintentional human consumption. Defendant designed, produced, manufactured, labeled, supplied, inspected, tested, distributed, marketed, and advertised the tainted CBD Drops product which Mr. Lopez ingested, not knowing that defendant's CBD Drops product actually contained THC. Defendant was negligent by failing to exercise quality control standards of its products which would have detected THC inside its Select CBD Drops. Defendant was negligent by offering a tainted product which contained a dangerous foreign object which was likely to cause harm and unwanted health consequences when unintentionally consumed. Defendant promotes the quality and safety of its products. Yet, none of defendant's Select CBD Drops advertisements or packaging contain labels warning consumers that Select CBD Drops may be contaminated and tainted with foreign objects like THC that is not permitted to be sold to consumers without a warning label and not fit for unintentional human consumption.

**13.**

Defendant was negligent by not using reasonable care and for failing to warn or instruct Mr. Lopez about the condition of its Select CBD Drops. Due to defendant's negligence, Mr. Lopez was taken by ambulance to the emergency room out of concerns he was having a stroke, and he experienced harm including unnecessary surgery, fear of death, unwanted confusion, stress, anxiety, psychosis, discomfort, and distress lasting several hours, and interference with life activities. Accordingly, Mr. Lopez respectfully requests judgment against defendant for economic and non-economic damages in amounts determined by the jury to be fair and reasonable. Defendant's acts and omissions as alleged in this complaint showed a reckless and outrageous indifference to a highly unreasonable risk of harm and defendant acted with a conscious indifference to the health, safety and welfare of others. As a result, Mr. Lopez also seeks punitive damages in an amount to be determined by the jury not to exceed 1% of defendant's net worth.

**14.**

**Claim #2 – Products Liability – Ms. Cantu**

As alleged in this complaint, defendant was negligent by creating its tainted Select CBD Drops product which contained THC, which was a foreign object and not permitted to be sold to consumers without a warning label and not fit for unintentional human consumption. Defendant designed, produced, manufactured, labeled, supplied, inspected, tested, distributed, marketed, and advertised the tainted CBD Drops product which Ms. Cantu ingested, not knowing that defendant's CBD Drops product actually contained THC. Defendant was negligent by failing to exercise quality control standards of its products which would have detected THC inside its Select CBD Drops. Defendant was negligent by offering a tainted product which contained a dangerous foreign object which was likely to cause harm and unwanted health consequences when unintentionally consumed. Defendant promotes the quality and safety of its products. Yet, none of defendant's Select CBD Drops advertisements or packaging contain labels warning consumers that Select CBD Drops may be contaminated and tainted with foreign objects like THC that is not permitted to be sold to consumers without a warning label and not fit for unintentional human consumption.

### 15.

Defendant was negligent by not using reasonable care and for failing to warn or instruct Ms. Cantu about the condition of its Select CBD Drops. Due to defendant's negligence, Ms. Cantu experienced harm including unwanted nausea, dizziness, tunnel vision, weakness, confusion, discomfort, and distress lasting several hours, and interference with life activities. Accordingly, Ms. Cantu respectfully requests judgment against defendant for economic and non-economic damages in amounts determined by the jury to be fair and reasonable. Defendant's acts and omissions as alleged in this complaint showed a reckless and outrageous indifference to a highly unreasonable risk of harm and defendant acted with a conscious indifference to the health, safety and welfare of others. As a result, Ms. Cantu also seeks punitive damages in an amount to be determined by the jury not to exceed 1% of defendant's net worth.

16.

### Claim #3 – Products Liability – Ms. Lopez-Henri

As alleged in this complaint, defendant was negligent by creating its tainted Select CBD Drops product which contained THC, which was a foreign object and not permitted to be sold to consumers without a warning label and not fit for unintentional human consumption. Defendant designed, produced, manufactured, labeled, supplied, inspected, tested, distributed, marketed, and advertised the tainted CBD Drops product which Ms. Lopez-Henri ingested, not knowing that defendant's CBD Drops product actually contained THC. Defendant was negligent by failing to exercise quality control standards of its products which would have detected THC inside its Select CBD Drops. Defendant was negligent by offering a tainted product which contained a dangerous foreign object which was likely to cause harm and unwanted health consequences when unintentionally consumed. Defendant promotes the quality and safety of its products. Yet, none of defendant's Select CBD Drops advertisements or packaging contain labels warning consumers that Select CBD Drops may be contaminated and tainted with foreign objects like THC that is not permitted to be sold to consumers without a warning label and not fit for unintentional human consumption.

**17.**

Defendant was negligent by not using reasonable care and for failing to warn or instruct Ms. Lopez-Henri about the condition of its Select CBD Drops. Due to defendant's negligence, Ms. Lopez-Henri experienced harm including feelings of being intoxicated despite being in recovery, possibly requiring her to start a new clean date, unwanted confusion, stress, anxiety, discomfort, and interference with her sobriety and life activities. Accordingly, Ms. Lopez-Henri respectfully requests judgment against defendant for economic and non-economic damages in amounts determined by the jury to be fair and reasonable. Defendant's acts and omissions as alleged in this complaint showed a reckless and outrageous indifference to a highly unreasonable risk of harm and defendant acted with a conscious indifference to the health, safety and welfare of others. As a result, Ms. Lopez-Henri also seeks punitive damages in an amount to be determined by the jury not to exceed 1% of defendant's net worth.

**18.**

Request for jury trial.

**19.**

**PRAYER FOR RELIEF**

Plaintiffs seek relief against defendant as sought above, and for maximum interest, taxable costs, and for any other relief the Court may determine is fair and proper. Plaintiffs retain the right to amend this complaint to include new parties and new claims as new information is learned in discovery.

October 6, 2021

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiffs
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000